**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3904

_____

R.G, a Minor, by and through her parents Maria G.
and David G., of Romansville, PA 19320;
MARIA G.; DAVID G., Adults Individually
and on their own behalf, Both of Romansville, PA 19320,
                                                        Appellants

v.

DOWNINGTOWN AREA SCHOOL DISTRICT

_____

On Appeal from the United States District Court,
Eastern District of Pennsylvania
(Case No. 09-CV-03512)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2013

_____

Before: SLOVITER, FUENTES, and ROTH, <u>Circuit Judges</u>.

(Opinion Filed:  June 3, 2013)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Appellants, R.G. and her parents, sought review in the District Court of the decision of an administrative Hearing Officer denying their request under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA") for special education tuition reimbursement from Appellee, Downingtown Area School District (the "District"). R.G. and her parents alleged that the District deprived R.G. of her rights under IDEA, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. ("Section 504"). The District Court upheld the decision of the Hearing Officer, finding that the District's Individualized Education Program ("IEP") for R.G. was adequate. The District Court also denied Appellants' motion to submit additional evidence in connection with their ADA and Section 504 claims. R.G. and her parents now appeal. We will affirm the judgment of the District Court.[1]

## I.

Because we write primarily for the parties, we set forth only those facts that are relevant to our conclusion. R.G. is a minor who suffers from a rare neurological disorder, resulting in cognitive impairments involving her speech, language, and learning abilities. R.G. attended kindergarten and the first two months of first grade at a public school in the District. For the remainder of first grade and the 2006-07 school year, the District agreed to partially fund R.G.'s attendance at a private school, the TALK Institute ("TALK").

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 20 U.S.C. § 1415.

Finding that R.G. had not made ample progress at TALK, the District refused to continue funding for the 2007-2008 school year. R.G. and her parents began due process proceedings after the District denied their request for tuition reimbursement for this year, and an administrative hearing was held over seven sessions between October 21, 2008 and March 17, 2009. The Hearing Officer denied Appellants' request on May 3, 2009, finding that the IEP that the District offered to R.G. for the 2007-2008 school year was appropriate. On March 31, 2010, R.G. and her parents filed a complaint in the Eastern District of Pennsylvania, seeking reversal of the Hearing Officer's decision and other relief. R.G. and her parents contended that the District failed to provide R.G. with a free and appropriate public education ("FAPE") as required under IDEA and alleged claims under the ADA and Section 504. Both parties filed motions for summary judgment, which the District Court granted as to the District and denied as to R.G. and her parents on September 21, 2012.

On January 24, 2012, R.G. and her parents filed a motion for additional evidence in support of their IDEA and discrimination claims seeking to admit, among other items, additional expert reports and the District's responses to Appellants' request for admissions. On April 6, 2012, the District Court denied the motion in connection with the IDEA claim, and directed R.G. and her parents to explain how they would prove their discrimination claims. After considering their responses, the District Court denied the motion on June 29, 2012, finding that the discrimination claims were indistinguishable from the IDEA claims that it had already dismissed.

**II.**

In IDEA cases, district courts must undergo a "modified <u>de</u> <u>novo</u> review," giving "due weight" to the underlying administrative proceedings. <u>S.H. v. State-Operated Sch.</u> <u>Dist. of Newark</u>, 336 F.3d 260, 269-70 (3d Cir. 2003). Factual findings from the underlying administrative proceedings are deemed prima facie correct, and a reviewing court must explain any failure to adhere to such findings. <u>Id.</u> at 270. We exercise plenary review over a district court's application of this legal standard. <u>Id.</u> at 269. However, we accept the District Court's findings of fact unless they are clearly erroneous. <u>T.R. v. Kingwood Twp. Bd. of Educ.</u>, 205 F.3d 572, 576 (3d Cir. 2000).

Under the IDEA, states that receive federal educational funding must provide a free and appropriate public education, or FAPE, for all disabled children. <u>D.F. v.</u> <u>Collingswood Borough Bd. of Educ.</u>, 694 F.3d 488, 499 (3d Cir. 2012). A FAPE must be designed to meet the specific needs of the child while conferring an education that provides "significant learning" and "meaningful benefit" to the child. <u>D.S. v. Bayonne</u> <u>Bd. of Educ.</u>, 602 F.3d 553, 556 (3d Cir. 2010). School districts are required to achieve these goals under the IDEA by creating and administering an IEP, a specific program of individualized instruction for the special education student. <u>Id.</u> at 557.

R.G. and her parents claim that the District Court improperly conducted its analysis of the adequacy of the District's IEP by undermining R.G.'s potential. They contend that the IEP does not provide R.G. with the necessary individualized attention that was available at TALK, thereby denying R.G. a meaningful educational opportunity. Based on our independent review of both the record and the District Court's extensive

4

analysis of the adequacy of the District's IEP, we find that it committed no error. We also fail to find any instance of the District Court discounting R.G.'s mental capacity or potential for learning. The District Court properly conducted a modified de novo review of the administrative proceedings, giving due weight to the factual findings of the Hearing Officer and acknowledging its determination that the District's IEP offered identical or very similar goals to TALK's IEP. We are satisfied that the District Court adequately reviewed the contents of the IEP to ensure that R.G. would be provided with a meaningful opportunity for speech and language development.

While the District Court recognized that the IEP did not specify whether R.G.'s speech therapy would be individualized, supplemental evidence was provided through the testimony of a speech language pathologist explaining that the IEP offers a combination of individual and group therapy. The decision of the District Court to credit this testimony constitutes a finding of fact to which we give deference if there is no clear error. T.R. v. Kingwood Twp. Bd. of Educ., 205 F.3d 572, 577 (3d Cir. 2000). Because the testimony was offered as part of the administrative hearing to explain what an IEP provides, it was not erroneous for the District Court to have considered it. See id. at 578 (upholding the district court's consideration of testimony that assessed an IEP in light of the student's individual needs).

### III.

R.G. and her parents also argue that it was erroneous for the District Court to have denied their motion for additional evidence, and to find that their discrimination claims under Section 504 and the ADA were indistinguishable from the IDEA claims that had

already been dismissed.  After the District Court had made its decision to uphold the Hearing Officer's determination, Appellants sought to introduce additional evidence consisting of answers to their requests for admission; two expert reports evaluating R.G.'s abilities and the District Court's decision; the testimony of the District's former Director of Pupil Services who had already testified at the due process hearing; and testimony of R.G.'s parents.

Courts are careful to admit additional evidence in the IDEA context, which should be used "only in assessing the reasonableness of the district's initial decisions regarding a particular IEP or the provision of special education services at all." Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 762 (3d Cir. 1995).  A district court may consider additional evidence that is relevant, non-cumulative, and useful in determining whether the goals of the IDEA have been reached for the child involved. Id. at 760.  The question of what additional evidence may be admitted in an IDEA judicial review proceeding is left to the discretion of the trial court. Id.

We conclude that the District Court properly used its discretion to deny the admission of this additional evidence, which is irrelevant to determining the adequacy of the District's IEP and cumulative since it covers what was what already considered at the due process hearing and by the District Court.  Appellants have offered no compelling reason for admitting this additional evidence, which appears to be an attempt to re-litigate the issues that were already thoroughly covered in the District Courts' review and analysis.   Therefore, we hold that it was fully within the discretion of the District Court to deny the motion for additional evidence.

Finally, we agree with the District Court that the discrimination claims[2] brought by R.G. and her parents are indistinguishable from the IDEA claims that had already been dismissed. R.G. and her parents were given ample opportunity by the District Court to explain how their Section 504 claim was substantively different from the IDEA claim. Because Appellants' Section 504 claim is based on the same facts underlying the IDEA claim and the District Court correctly concluded that the District's IEP was adequate, the Section 504 claim fails. See K.C. ex rel. v. Nazareth Area Sch. Dist., 806 F. Supp. 2d 806, 832 (E.D. Pa. 2011) (where plaintiffs' complaint for an ADA claim merely reiterates the allegations for an IDEA violation, no relief under the ADA is warranted for the same reasons plaintiffs are not entitled to relief under the IDEA). We agree with the District Court that these claims were based on the same factual predicates and could not proceed.

**IV.**

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] Appellants brought their discrimination claims under both Section 504 and the ADA. Since the elements of a claim under Section 504 are very similar to those under the ADA, we agree with the Appellants' argument that there is no need to consider them separately. See Donahue v. Consol. Rail Corp., 224 F.3d 226, 229 (3d Cir. 2000).